IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



MICHAEL ANDERSON     PLAINTIFF

vs.     CASE NO.: 1:17cv1 HSD-JCG

AGGRESSIVE MAINTENANCE
SERVICES, LLC and MARY O.
WILLIAMS, INDIVIDUALLY     DEFENDANTS

---

### COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff MICHAEL ANDERSON (hereinafter referred to as "Plaintiff") by and through counsel of record, and filed this Complaint against his former employer, AGGRESSIVE MAINTENANCE SERVICES, LLC, (hereinafter referred to as "AGGRESSIVE MAINTENANCE" or "Defendant") and MARY O. WILLIAMS, INDIVIDUALY (hereinafter referred to as "WILLIAMS") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and in support thereof states as follows:

### NATURE OF SUIT

1. Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of

a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff MICHAEL ANDERSON was employed as a landscape laborer by Defendant and performed related activities for Defendant in and around Biloxi, Mississippi.

9. Defendant AGGRESSIVE MAINTENANCE SERVICES, LLC is a limited liability company that operates and conducts business in and around Harrison County, Mississippi. It is located at 9046 Wool Market Road in Biloxi, Mississippi.

## COVERAGE

10. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto (2013 – 2016), Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

12. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto (2013 – 2016), Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), AGGRESSIVE MAINTENANCE was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

16. At all material times hereto (2013 – 2016), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or

3

employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

17. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

18. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all material times hereto (2013 – 2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

20. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

22. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

23. Defendant owns and operates a company in the business of providing landscaping services.

24. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

25. Plaintiff worked as a landscaper for Defendant and performed related duties in and around Harrison County, Mississippi from approximately February 2015 to October 13, 2016.

26. In 2015 Plaintiff was considered an employee and was paid $16.00 per hours. He was paid overtime properly during this time frame.

27. In January 2016, Defendant stated that they were going to make Plaintiff salaried, pay him $650 per week and had him sign a 1099. There were no other changes to Plaintiff's job duties or hours.

29. Plaintiff accepted these agreements and did work for Defendant.

30. Defendant intentionally mis-classified Plaintiff as an independent contractor in order to avoid paying Plaintiff his overtime pay.

31. Plaintiff is an hourly non-exempt employee and routinely worked in excess of forty (40) hours in a given week on behalf of Defendant, but has only been paid his salaried rate of pay for all hours worked in any given week, including all overtime hours. *See* Plaintiff's Pay Documents, attached hereto as Exhibit "A".

32. Typically, the Plaintiff worked approximately fifty (50) overtime hours per week without proper overtime compensation.

33. At all times relevant to this action, Defendant has failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff was paid his complete wages, or to ensure that Plaintiff was paid at least time and one-half his regular rate of pay for all hours worked on behalf of the Defendant in excess of forty (40) within a workweek.

34. During his employment with Defendant, Plaintiff was not paid his complete wages for one (1) or more workweeks.

35. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

36. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

39. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

40. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

43. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

44. During his employment with named Defendant, Plaintiff regularly worked overtime hours but, in 2016, was only paid a flat salary for all hours worked.

45. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

46. Defendant acted with direct control over the work, pay, and job duties of Plaintiff.

47. Defendant supervised and controlled Plaintiff's work schedule and/or conditions of employment.

48. Defendant determined Plaintiff's rate and method of payment.

49. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

50. As a result, Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

52. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated

damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

53. Plaintiff demands a trial by jury.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 3rd day of January, 2017.

Respectfully submitted,
MICHAEL ANDERSON, PLAINTIFF

_____
CHRISTOPHER ESPY, ESQ.

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF